UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUSUF DIXON,

                    Plaintiff,

        -against-

ROBERT MARC BAKISH; NAVEEN
CHOPRA; PHILIP R. WISER; NEERAJ
KHEMLANI,

                    Defendants.

23-CV-0480 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action requesting that CBS "stop

broadcasting things and telling people where I am. Life and Death." [1] (ECF 2, at 5.)  By order

dated January 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. The Court dismisses the complaint as frivolous.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff has filed several lawsuits in this court, most of which have been dismissed as frivolous. *See Dixon v. Sing*, No. 23-CV-0227 (S.D.N.Y. Jan. 11, 2023) (dismissing claims against individuals affiliated with Shoprite Supermarket's headquarters in New Jersey); *Dixon v. Biden*, No. 23-CV-0226 (S.D.N.Y. Jan. 13, 2023) (dismissing claims against President Joe Biden, Vice President Kamala Harris, Department of Homeland Security Secretary Alejandro Mayorkas, and New York City Mayor Eric Adams); *Dixon v. Jenkins*, No. 23-CV-0225 (S.D.N.Y. Jan. 26, 2023) (dismissing claims as frivolous, but without prejudice to repleading any housing claims in a new action); *Dixon v. Rymat*, No. 22-CV-10910 (S.D.N.Y.).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is

based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action against individuals who are associated with Paramount and

CBS News, namely: Robert Bakish, President and Chief Executive Officer of Paramount Global;

Naveen Chopra, Chief Financial Officer of Paramount; Shari Redston, Non-executive Chair of

Paramount Global; and Neeraj Khemlani, President of CBS News. He asserts claims under

federal statutes and codes: (1) harassment under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692(d); (2) defamation of character, citing to the Securing the

Protection of Our Enduring and Established Constitutional Heritage Act ("SPEECH Act"), 28

U.S.C. § 4101; (3) interfering with agency functions, 36 C.F.R. § 2.32; and (4) obstructing or

impairing legitimate government activity, citing to "18 U.S.C." (ECF 2, at 2.)

In his statement of facts, Plaintiff alleges that his claims occurred "24/7 every day of the

week. T.V."[2] (ECF 2, at 5.) In the section of his complaint where he describes his injuries, he

states: "stabbed, jailed . . . 'son' mentally abuse[d] and physical . . . . Interfering with agency

functions . . . defamation of character . . . . Truck getting fan off road." (*Id.* at 6.) He seeks a "full

investigation" and "hundred trillion dollars." (*Id.*)

In an attachment to the compliant, which is an email from Plaintiff to

contactnewscenter@un.org, he states:

> Being the (ONE) that can read minds and talk through the (T.V.), (UNITED
> STATES) 'person' and other individual's are utilizing this to try and control the
> (UNITED STATES) 'person' and other individuals in (MY COUNTRY) . . . not

---

[2] The Court quotes from the complaint verbatim, and all spelling, grammar, and
punctuation are as in the original, unless noted otherwise.

only by trying to use my con to control me, so that way they can try to control
'person' within (UNITED STATES) and also 'C.I.A.', N.S.A.', 'F.B.I'[.]

(*Id.* at 8.)

## DISCUSSION

Even when the complaint is read with the "special solicitude" due *pro se* pleadings,
*Triestman*, 470 F.3d at 475, the Court concludes that there is no legal theory on which Plaintiff
can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Although Plaintiff refers to the
FDCPA and SPEECH Act, he does not plead any facts implicating either federal statute.
Moreover, Plaintiff cannot initiate the prosecution of federal charges against an individual in this
Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke
v. Timmerman*, 454 U.S. 83, 87 (1981). Finally, Plaintiff cannot obtain an order directing
prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors
possess discretionary authority to bring criminal actions, and they are "immune from control or
interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87
(2d Cir. 1972).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to
cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,
657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).
Plaintiff's claims are frivolous, and the Court declines to grant Plaintiff leave to amend to
replead these claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   March 22, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge